**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ETHEREUM VENTURES, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>CHET MINING CO LLC and CHET<br>STOJANOVICH,<br><br>              Defendant. | No. 1:19-cv-7949 (LLS) |

## ANSWER

Defendants Chet Mining Co LLC and Chet Stojanovich (collectively, "Chet Mining," or "Defendants"), by and through its attorneys, Venable LLP, hereby answer the Complaint by Plaintiff Ethereum Ventures, LLC ("Ethereum" or "Plaintiff") and assert affirmative defenses as follows:

### INTRODUCTION

1.       Paragraph 1 describes Plaintiff's legal action and contains a request for relief, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 of the Complaint and state that Plaintiffs are not entitled to the requested relief.

### JURISDICTION AND VENUE

2.       Defendants deny the allegation identifying Chet Mining Co LLC as incorporated under the laws of the State of Wyoming, and admit that Chet Mining Co LLC is headquartered in New York and Chet Stojanovich is domiciled in New York. To the extent Paragraph 2 states a legal conclusion that this Court has jurisdiction over this matter, no response is required.

3.      Defendants admit the allegation in Paragraph 3 of the Complaint.

4.      This allegation is a legal conclusion regarding proper venue, to which no response is required. To the extent that a response is required, Defendants deny the allegation in Paragraph 4 of the Complaint, except admit that Defendants are located in the Southern District of New York.

## DEMAND FOR JURY

5.      This allegation contains a request for relief and is not directed at Defendants.

## PARTIES

6.      This allegation is not directed at Defendants. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegation in Paragraph 6 of the Complaint.

7.      Defendants deny the allegation contained in Paragraph 7 of the Complaint.

8.      Defendants admit the allegation contained in Paragraph 8 of the Complaint.

9.      Defendants admit the allegation contained in Paragraph 9 of the Complaint.

10.     Defendants admit the allegation contained in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations in Paragraph 11 of the Complaint, except admit that Chet Stojanovich owns and operates Chet Mining Co LLC and admit that Chet Mining Co LLC offers to sell bitcoin mining equipment to the public.

12.     Defendants admit the allegation contained in Paragraph 12 of the Complaint.

13.     Defendants deny the allegation contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegation contained in Paragraph 14 of the Complaint.

15.     Defendants deny the allegation contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegation contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegation contained in Paragraph 17 of the Complaint.

18.     Defendants deny the allegation contained in Paragraph 18 of the Complaint.

19.     This allegation states a legal conclusion regarding Chet Stojanovich's liability under a "veil piercing theory" to which no response is required. To the extent a response is required, Defendants deny the allegation contained in Paragraph 19 of the Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION

20.     Defendants incorporate his answers to Paragraphs 1 through 19 as if fully set forth herein.

21.     This allegation is not directed at Defendants. To the extent that a response is required, Defendants deny knowledge of information sufficient to form a belief as to the allegation in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint, except admit that, in or around April 2019, Plaintiff requested that Chet Mining sell them bitcoin mining equipment.

23.     Defendants deny the allegations in Paragraph 23, except admit Defendants and Plaintiff met and discussed a purchase order for S9 Antminers in and around April 2019.

24.     Defendants deny the allegation in Paragraph 24 of the Complaint.

25.     Defendants admit the allegation in Paragraph 25 of the Complaint.

26.     Defendants deny the allegation in Paragraph 26 of the Complaint, except admit that Plaintiffs made a partial payment of $100,000 and $73,280 on April 24, 2019, and April 29, 2019, respectively.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint, except admit that they maintained a distribution and storage facility at 5 Toronto Avenue in Happy Valley-Goose Bay NL, Canada, and that certain machines were delivered thereto.

28.     Defendants deny the allegation in Paragraph 28 of the Complaint., except admit that the parties discussed Plaintiff's desire to purchase S17 Antminers and admit that the cost of the S17 Antminer machines would be $42,675.00.

29.     Defendants deny the allegation in Paragraph 29 of the Complaint.

30.     This allegation is not directed at Defendants and no response is required. To the extent a response is required, Defendants deny the allegation in Paragraph 30 of the Complaint.

31.     Defendants deny the allegation in Paragraph 31 of the Complaint.

32.     Defendants deny the allegation in Paragraph 32 of the Complaint, except admit that Plaintiff demanded a purported refund of monies paid to Defendants.

33.     Defendants deny the allegation in Paragraph 33 of the Complaint, except admit that they remitted $36,375.00 to client.

34.     Defendants deny the allegation in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint except admit that they have not remitted $173,280.00 to Plaintiff.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint, except admit they have not delivered bitcoin mining equipment to Plaintiff.

37.     Defendants deny the allegation in Paragraph 37 of the Complaint.

38.     This allegation states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation in Paragraph 38 of the Complaint.

39.     This allegation states a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, but deny that they owe any damages to Plaintiff.

41.     This allegation states a legal conclusion regarding Defendants' liability to Plaintiff for breach of contract, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 41 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

42.     Defendants incorporate his answers to Paragraphs 1 through 41 as if fully set forth herein.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

52.     Defendants incorporate his answers to Paragraphs 1 through 51 as if fully set forth herein.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants deny the allegation in Paragraph 55 to the extent it alleges that the purchase price for the Bitcoin Mining Equipment was fulfilled by wire transfers in the amount of $175,000.00 and a Bitcoin transaction in the amount of $42,675.00. Defendants admit that wire transfers in the amount of $173,250.00 and a Bitcoin transaction were received.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

58.     Defendants incorporate his answers to Paragraphs 1 through 57 as if fully set forth herein.

59.     This allegation states a legal conclusion regarding the definition of NY UCC § 2-711, to which no response is required.

60.     Defendants admit the allegations in Paragraph 60 of the Complaint.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

64.     Defendants incorporate his answers to Paragraphs 1 through 63 as if fully set forth herein.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION

66.     Defendants incorporate his answers to Paragraphs 1 through 65 as if fully set forth herein.

67.     Defendants deny the allegation in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

## GENERAL DENIAL AND RESPONSE

1.      Defendants deny all allegations contained in Plaintiff's Complaint which have not been admitted, denied, or otherwise specifically responded to.

2.      Defendants deny that they have breached any contract with Plaintiff.

3.      Defendants deny that they owe Plaintiff any amount in damages.

## AFFIRMATIVE DEFENSES

Without assuming any burdens they would not otherwise bear, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery from its claims asserted against Defendants, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants dispute the injuries, damages, and/or losses alleged by Plaintiff, including the nature, cause, extent, and amounts of same.

## THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional defenses including but not limited to Plaintiff's breach of contract, unclean hands, and failure of condition precedent, the bases of which are revealed in discovery, in the event that the Court orders discovery.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed; that Defendants be awarded their costs, attorneys' fees and expenses to the extent permitted by law; and that Defendants be awarded such other and further relief as the Court may deem proper.


Dated: January 6, 2020


      */s/ Edmund M. O'Toole*
Edmund M. O'Toole, Esq.

VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Tel: (212)-307-5500