UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHEREUM VENTURES, LLC,

                Plaintiff,

  -against-

CHET MINING CO LLC and CHET STOJANOVICH,

                Defendants.

Case No. 19-cv-7949 (LLS)

**DECLARATION OF JASON P. GOTTLIEB IN SUPPORT OF MORRISON COHEN LLP'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**

        **JASON P. GOTTLIEB** declares the following to be true under penalty of perjury:

        1.      I am a member of the law firm Morrison Cohen LLP ("Morrison Cohen"). I am admitted to practice before the courts of the State of New York and the United States District Court for the Southern District of New York.

        2.      I respectfully submit this declaration, pursuant to Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York, in support of Morrison Cohen's motion to withdraw as counsel of record for the defendants in the above-captioned action.

        3.      In February 2020, Morrison Cohen and defendant Chet Stojanovich, the President & CEO and sole representative of defendant Chet Mining Co, LLC ("CMC"), entered into discussions for Morrison Cohen to represent Mr. Stojanovich and CMC in this action.

        4.      In anticipation of formalizing our representation of Mr. Stojanovich and CMC, Morrison Cohen attended a March 6, 2020 conference before the Court. However, after the conference, Morrison Cohen lost contact with Mr. Stojanovich and we advised the Court in a

letter, dated April 24, 2020, that we would not appear because we had been unable to formalize our engagement.

5.  The defendants eventually contacted us again, and formally retained our firm in September 2020. Since being retained, Morrison Cohen has worked diligently in service of the defendants, including preparing discovery requests, responding and objecting to discovery requests by the plaintiff, producing documents pursuant to the plaintiff's requests, working on legal strategy, advising our clients, and investigating issues related to our clients' defense of the litigation.

6.  Regrettably, we did not receive any communications from Mr. Stojanovich (and thus CMC as well) between November 25, 2020 and January 6, 2021, other than a short, non-substantive holiday greeting text.

7.  In addition to this breakdown in communication, our clients have failed to make certain payments as required under our engagement letter.

8.  We do not anticipate a change in these circumstances.

9.  On January 6, 2021, we were able to reach Mr. Stojanovich by telephone to advise him that we intended to seek the Court's permission to withdraw as counsel of record to him and CMC for the above-stated reasons. Mr. Stojanovich did not object to our withdrawal.

10. Local Civil Rule 1.4 provides that an attorney of record may withdraw from a case "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." Local Civil Rule 1.4. The Court has held that a client's failure to cooperate in their own defense as well as the failure to

pay legal fees each constitute "satisfactory reasons" to withdraw as counsel under Local Rule 1.4. *See, e.g., In re Fosamax Prods. Liab. Litig.*, No. 06 MD 1789 (JFK), No. 07 Civ. 7298 (JFK), 2012 U.S. Dist. LEXIS 82024, at *75 (S.D.N.Y. June 12, 2012) ("In the Southern and Eastern Districts of New York, the term 'satisfactory reasons' has been construed to include 'failure to pay legal fees, a client's lack of cooperation – including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'") (citation omitted).

11. Notably, the New York Rules of Professional Conduct also permit counsel to withdraw from a representation where "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees" or "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." N.Y. Rules of Prof. Conduct 1.16(c)(5), 1.16(c)(7).

12. Upon information and belief, the defendants will not be prejudiced by Morrison Cohen's withdrawal as counsel because the litigation is still in discovery and new counsel will have adequate time to get up to speed. *See, e.g.*, N.Y. Rules of Prof. Conduct 1.16(c)(1) (counsel may withdraw where "(1) withdrawal can be accomplished without material adverse effect on the interests of the client"). Here, the parties have yet to undertake depositions, submit a pre-trial order or engage in a pre-trial conference. In other words, this action is nowhere near trial-ready. "Where discovery has not yet closed and the case is not 'on the verge of trial readiness,' prejudice is unlikely to be found." *Winkfield v. Kirschenbaum & Phillips, P.C.*, 12 Civ. 7424 (JMF), 2013 U.S. Dist. LEXIS 12093, at *3 (S.D.N.Y. Jan. 29, 2013) (quoting *Blue Angel Films,*

#9994996 v4 \028712 \0001

*Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *5-6 (S.D.N.Y. Feb. 17, 2011)).

13. For these reasons, Morrison Cohen respectfully requests that the Court allow it to withdraw as counsel of record for the defendants at this time.

14. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

## **CONCLUSION**

For the foregoing reasons, Morrison Cohen respectfully requests that the Court grant its motion to withdraw as counsel of record for the defendants.

Executed: New York, New York
January 15, 2021

                                                */s/ Jason P. Gottlieb*
                                                  Jason P. Gottlieb

#9994996 v4 \028712 \0001