UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ETHEREUM VENTURES LLC,

                               Plaintiff.

      against-

CHET MINING CO LLC and CHET
STOJANOVICH,

                              Defendants.
_____

**ATTORNEY AFFIRMATION IN SUPPORT OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT**

Case No.: 1:19-cv-7949 (LLS)

     **BENJAMIN F. NEIDL**, an attorney admitted to practice in this Honorable Court affirms under penalty of perjury the following:

     1.    I am of counsel to the law firm E. Stewart Jones Hacker Murphy LLP, attorneys for the plaintiff in the above-captioned matter. I respectfully submit this affirmation in support of the plaintiff's request for a clerk's certificate of default against both defendants, pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1. This affirmation is based upon my personal knowledge.

     2.    Pursuant to Local Rule 55.1, I have filed a proposed certificate of default simultaneously with this affirmation.

     3.    The plaintiffs commenced this action on August 26, 2019 by electronically filing the Complaint (ECF Doc. #1). The Court issued Summonses for both defendants on August 27, 2019 (ECF Docs #5 and 6). Pursuant to a so-ordered stipulation, the defendants' initial attorneys at Venable LLP accepted service, on behalf of both defendants, on November 25, 2019 (ECF Doc. #11). Venable filed an Answer for both defendants on January 6, 2020 (ECF Doc. #15.) In the Answer, the defendants did not assert any affirmative defenses challenging jurisdiction or service of process (id).

1

4. Venable filed a motion to withdraw as counsel on January 7, 2020 (ECF Doc. #17). The Court granted that motion on February 7, 2020 (ECF Doc. #19). New defense counsel from Morrison Cohen LLP appeared for both defendants on October 5, 2020 (ECF Doc. #30). However, Morrison Cohen made a motion to withdraw as counsel on January 15, 2021 (ECF Docs. #34 - 35) which the Court granted on January 22, 2021 (ECF Doc. #37).

5. In the Court's January 22 Order granting Morrison Cohen's motion to withdraw, the Court wrote: "If defendants have not entered the appearance of successor counsel within sixty days from the date hereof, plaintiff may seek leave to move for a judgment by default" (ECF Doc. #37, pg. 2).

6. No successor counsel has appeared for either defendant. In a subsequent Order dated May 5, 2021, the Court reiterated the availability of a default judgment on this basis: "This Court having ordered on January 22, 2021 that if defendants have not entered the appearance of successor counsel within 60 days from that date (i.e. March 23), plaintiff may seek leave to move for a judgment by default" (ECF Doc. #39). In the same Order, the Court noted that there was "no record of any such appearance" by successor counsel, and directed the plaintiff to take steps to "obtain judgment by default or prosecute [the action" by June 7, 2021.

7. Based on the Court's January 22, 2021 Order (reiterated in the May 5, 2021 Order), the defendants are in default because no successor counsel has appeared for them within the 60 day period specified by the Court, nor have they explained any reason for this, or participated in the case in any other way since January 22, 2021.

8. Strictly speaking, Local Rule 55.1 requires that this affirmation set forth some additional information which is apparently irrelevant in a case like this in which the defendants initially appeared after service and have defaulted through subsequent failure to defend (the details prescribed in Rule 55.1

2

appear to address a defendant's *failure to Answer* after service).  However, erring on the side of caution, I will briefly address those criteria.

9. Rule 55.1(b)(1) requires disclosure of whether the defendant is an infant, in the military, or an incompetent person.  The defendants are not infants, in the military, or incompetent.  Defendant Chet Mining Co. LLC is a limited liability company formed and existing under the laws of the State of Wyoming.  Annexed hereto as **Exhibit A** is a true and accurate copy of the company's filing information with the Wyoming Secretary of State, Business Division, which I have obtained from the Wyoming Secretary of State's website.  Defendant Chet Stojanovich is the adult owner and operator of Chet Mining Co. LLC, which he does from New York State.  In the Answer, the defendants admitted that Stojanovich is the owner and operator of that company, and admitted that he permanently resides in New York State. (*Compare* Complaint ¶¶3, 11 to Answer ¶¶3, 11 [ECF Docs. #1 and 15.])

10. Rule 55.1(b)(2) requires the applicant to demonstrate that the defendants have "failed to plead or otherwise defend the action."  The defendants have failed to defend the action as set forth in ¶¶1-7 above: they have twice failed to defend this action through their attorneys (prompting two different motions to withdraw by two different law firms) and they have failed to appear through new counsel in the time specified by the Court's January 22, 2021 Order.  The Court's January 22 Order specifically provides that if the defendants fail to appear through new counsel (which they have failed to do) the plaintiff may seek a judgment by default (ECF Doc. #37).

11. Rule 55.1(b)(3) requires the plaintiff to demonstrate that the "pleading to which no response has been made was properly served."  Here, there is no question that the Summonses and Complaint were properly served because the defendants' initial attorneys agreed to accept service on their behalf in a Court so-ordered stipulation (ECF Doc. #11) and filed an Answer for them which did not challenge service in the Affirmative Defenses (ECF Doc. #15).

12.     Based on the foregoing, we respectfully request that the Clerk enter a Certificate of Default against the defendants.

WHEREFORE, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1, the plaintiffs hereby request a certificate of entry of default against defendants, Chet Mining Co. LLC and Chet Stojanovich.

Dated: May 24, 2021
Schenectady, New York

**E. STEWART JONES HACKER MURPHY LLP**

By: _/s/ Benjamin F. Neidl_

Benjamin F. Neidl
**SDNY Bar No: BN5818**
*Attorneys for the Plaintiff*
200 Harborside Drive, Suite 300
Schenectady, N.Y.  12305
Tel. No.:  (518) 274-5820

4