UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ETHEREUM VENTURES LLC,

                              Plaintiff.

       -against-

CHET MINING CO LLC and CHET STOJANOVICH,

                            Defendants.
_____

**DECLARATION OF JOHNPAUL BARIC IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Pursuant to 28 U.S.C. §1746

Case No.: 1:19-cv-7949 (LLS)

    I, **JOHNPAUL BARIC**, declare under penalty of perjury that the following is true and accurate:

    1.    I am an owner and the president of the plaintiff Ethereum Ventures LLC ("Ethereum"), the plaintiff in this case. I make this affidavit in support of Ethereum's motion for a default judgment against both defendants, Chet Mining Co. LLC ("CMC") and Chet Stojanovich. This affidavit is based upon my personal knowledge.

    2.    In short, Ethereum contracted to purchase two batches of cryptocurrency mining computers from the defendants. Ethereum paid for the computers. The defendants never delivered the computers.

    3.    Ethereum is in the business of cryptocurrency mining and uses crypto mining computers for those operations. I negotiated the subject transactions for Ethereum. Defendant Chet Stojanovich held himself out as an experienced seller of crypto mining computers and equipment, through his company CMC. I negotiated the subject transactions with Chet Stojanovich. At the time I was dealing with him, Chet Stojanovich's personal address and CMC's principal business address were one and the same (an apartment in New York City), although Stojanovich also claimed to have an inventory of machines in a

storage facility at 26 Ottowa Avenue in Happy Valley-Goose Bay, Canada. CMC was essentially a "one man operation" (Chet Stojanovich).

### A. The First Order (Batch)

4. In April 2019 I negotiated with Chet Stojanovich for Ethereum to purchase 912 cryptocurrency miners from CMC, specifically model S9 Antminers

5. During a discussion on April 24, 2019, Chet Stojanovich offered to sell the 912 model S9 Antminers for a price of $173,280.00. On behalf of Ethereum, I accepted that offer.

6. I caused Ethereum to make a wire transfer payment to CMC that same day, April 24, 2019, in the amount of $100,000, as partial payment of the purchase price. A true and accurate copy of the wire transfer record for that transaction, from Coastal Credit Union, is annexed hereto as **Exhibit A**.

7. That same day (April 24, 2019), Chet Stojanovich emailed me an invoice formalizing the terms of the sale. The invoice reflected that we had paid $100,000 of the purchase price and that the balance due was $73,280.00. A true and accurate copy of that invoice is annexed hereto as **Exhibit B**.

8. On April 26, 2019, Chet Stojanovich also emailed me a separate receipt for the $100,000 wire transfer payment (that I made on April 24). A true and accurate copy of that receipt is annexed hereto as **Exhibit C**.

9. On April 29, 2019, I caused Ethereum to make another wire transfer to CMC for the remaining balance, in the amount of $73,280.00. A true and accurate copy of the wire tracking code for that transfer (with account numbers redacted) is annexed hereto as **Exhibit D**.

### B. The Second Order (Batch)

10. In May 2019, I negotiated with Chet Stojanovich, for Ethereum to purchase additional Antminer computers from CMC. This time we were interested in purchasing Model S17s.

11. On May 11, 2019, Chet Stojanovich made an offer for CMC to sell Ethereum 67 Model S17s for a price of $134,000. On behalf of Ethereum, I accepted that offer. Chet Stojanovich subsequently emailed me a written invoice for that transaction, a true and accurate copy of which is annexed hereto as **Exhibit E**.

12. On May 11, 2019, I caused Ethereum to pay CMC 5.69 Bitcoin toward that purchase price. A true and accurate copy of the transaction record of that transfer from my Bitcoin wallet to the defendants' is annexed hereto as **Exhibit F**. As of that day (May 11, 2019), the 5.69 Bitcoin had a cash value of $37,303. This was a first installment of the purchase price payment. We were going to pay the remainder of the purchase price in additional installments in May 2019, but we suspended that plan after the defendants failed to deliver the machines from the first order (batch).

**C.     The defendants' failure to deliver any of the machines.**

13. Through the above described payments, Ethereum paid the defendants a total of $210,583 ($173,280 for the first order + $37,303 for the second order).

14. By late May 2019, the defendants had not delivered any of the ordered machines. Chet Stojanovich represented to me at the time we placed the first order that the defendants would deliver the first batch of machines by "the middle of May." By May 27, 2019 we had not received any of the machines. I had several discussions with Chet Stojanovich on May 27 and in the days after, in which he failed to explain why they had not delivered the machines. I demanded a refund for Ethereum and advised that we wanted to cancel the transactions.

15. In May 2019, CMC did make a partial refund to Ethereum of $31,003, without any explanation of why CMC refunded that particular amount. I continued to demand refunds, but the defendants stopped responding to my outreaches, which is why Ethereum eventually started this litigation.

16. To date, the defendants have never delivered any of the machines that Ethereum ordered (in either batch).

17. The principal, net amount that Ethereum seeks in damages in this motion is **$179,580** ($173,280 paid to defendants for the first order + $37,303 paid to defendants for the second order – the refund of $31,003 = $178,580).

18. For the reasons set forth above and in my attorneys' accompanying affirmation, I respectfully request judgment against the defendants, jointly and severally.

I HEREBY SWEAR THAT THE FOREGOING IS TRUE AND ACCURATE.

Executed on June 4, 2021

_____
JohnPaul Baric