# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ETHEREUM VENTURES, LLC,

                      Plaintiff,

-against-

CHET MINING CO LLC and CHET STOJANOVICH

                      Defendants.

**COMPLAINT**

Case No.:

---

**TO THE ABOVE-NAMED DEFENDANTS:**

    The plaintiff, Ethereum Ventures, LLC (hereinafter after referred to as "plaintiff"), by and through its attorneys, E. Stewart Jones Hacker Murphy, LLP, as and for a complaint herein against the defendants (hereinafter after referred to as "defendants"), alleges as follows:

### INTRODUCTION

1.    This is a breach of contract action wherein plaintiff paid for, but defendant failed to deliver, on two separate occasions, equipment costing $173,280.00 and $42,675.00. Defendants have not delivered the goods or refunded plaintiff's purchase money despite due demand.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, said parties are diverse with the plaintiff headquartered and incorporated under the laws of the State of North Carolina and the defendant Chet Mining Co LLC incorporated under the laws of the State of Wyoming with its headquarters located in New York and defendant Chet Stojanovich domiciled in New York with the amount in controversy exceeding $75,000.00.

3. This Court has also jurisdiction over defendants pursuant to NY CPLR § 301 as defendants are principally headquartered and / or permanently reside in the State of New York and NY CPLR § 302(1) because defendants regularly transaction and do business in New York deriving substantial financial gain from the same.

4. Venue is proper within the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) as the transactions and occurrences described herein took place in New York City within the Southern District of New York and the defendants are located in the Southern District of New York.

**DEMAND FOR JURY**

5. Plaintiff hereby demands a jury trial.

**PARTIES**

6. Upon information and belief, at all times mentioned herein, the plaintiff, Ethereum Ventures, LLC is a limited liability company existing under the laws of the State of North Carolina with its headquarters located North Carolina.

7. Chet Mining Co LLC is a foreign limited liability company existing under the laws of the State of Wyoming.

8. Chet Mining Co LLC lists its registered address and has its headquarters at 50 West St, Apartment 29A, New York, New York 10006.

9. Upon information and belief, Chet Stojanovich is an individual residing at 325 North End Avenue, #23C, New York, New York 10282.

10. Upon information and belief, Chet Stojanovich also has a business address at 50 West Street, Apartment 29A, New York, New York 10006.

11. Upon information and belief, Chet Stojanovich, through Chet Mining Co LLP, offers to sell bitcoin mining equipment to the public.

12. Upon information and belief, Chet Stojanovich is the sole member and manager of Chet Mining Co LLC.

13. Upon information and belief, Chet Stojanovich regularly fails to observe business formalities with regard to his management and operation of Chet Mining Co LLC.

14. Upon information and belief, Chet Stojanovich comingles his finances with those of Chet Mining Co, LLC's, using the LLC's money for his own personal use and benefit to the detriment of its creditors.

15. Upon information and belief, Chet Stojanovich transfers money between his various business entities rendering them undercapitalized and insolvent.

16. Upon information and belief Stojanovich has caused Chet Mining Co LLC to become undercapitalized and insolvent.

17. Upon information and belief, Chet Stojanovich completely dominates and controls Chet Mining Co LLC and use it as a facade defraud his customers and hinder creditors, such as the plaintiff herein.

18. Upon information and belief, Chet Stojanovich has used the Chet Mining Co LLC to commit fraudulent and wrongful acts against plaintiff and other members of the public.

19. As such, Chet Stojanovich is the alter ego of Chet Mining Co LLC and he is personally liable for Chet Mining Co LLC's debts herein under a veil piercing theory.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

21. That Plaintiff is bitcoin mining company.

22. That in or around April of 2019, defendant Chet Mining Co LLC, by and through Chet Stojanovich, represented to plaintiff that it was a legitimate seller of bitcoin mining equipment and offered to sell plaintiff the same.

23. Defendants offered to sell plaintiff Nine Hundred and Twelve (912) S9 Antminers for $173,280.00 with delivery to be made within 30 days of payment.

24. Plaintiff accepted said offer.

25. That on April 24, 2019 defendants delivered to plaintiff invoice #1002 in the amount of $173,280.00 requesting immediate payment for the 912 Antminer S9 Miners.

26. That on April 24, 2019 plaintiff made payment to defendants in the amount of $100,000.00 and on April 26, 2019, plaintiff paid the remaining $73,280.00.

27. Thereafter, defendants represented to plaintiff that said machines were delivered to its distribution and storage facility at 26 Ottawa Avenue in Happy Valley-Goose Bay NL, Canada.

28. Plaintiff thereafter entered into second purchase agreement on May 11, 2019 for additional S17 Antminer machines at a cost of $42,675.00.

29. Plaintiff paid defendants for those additional S17 Antminers.

30. The S9 Antminers and S17 Antminers will be collectively referred herein as the ("Bitcoin Mining Equipment").

31. Despite the aforesaid delivery representation, none of the 912 Antminer S9 Miners were delivered to plaintiff.

32. After the defendants failed to deliver the original 912 S9 Antminers, plaintiff demanded a refund.

33. Thereafter, defendants refunded $36,375.00, but failed to refund $6,300.00 of the second order's paid purchase price.

34. To date, defendants have refused to refund the remaining $6,300.00 despite acknowledging their obligation to refund the same.

35. To date, none of the $173,280.00 purchase price for the original 912 S9 Antminers has been refunded despite due demand.

36. Defendants have failed to deliver the Bitcoin Mining Equipment that plaintiff bought and paid for.

37. Defendants have wrongfully refused to refund $179,580.00 of plaintiff's funds.

38. Defendants have breached their contract with plaintiff.

39. As a direct and proximate result of defendants' breach of contract, plaintiff suffered actual, incidental and consequential damages.

40. Upon information and belief, plaintiff suffered consequential damages due to its lost profits caused by the absence of the purchased Bitcoin Mining Equipment in the amount of $277,020.00.

41. Defendants are liable to plaintiff for breach of contract in the sum of $456,600.00 with interest at the legal rate from and after April 24, 2019, plus incidental damages.

## AS AND FOR A SECOND CAUSE OF ACTION

42. Plaintiff repeats, reiterates and realleges each and every allegation set forth in above paragraphs as if repeated and set forth at length in this cause of action.

43. That defendant Stojanovich used Chet Mining Co LLC a vehicle to commit fraud as against plaintiff.

44. That defendant Stojanovich used the Chet Mining Co LLC entity's seemingly legitimate facade to induce plaintiff into entering into a contract for a sale of goods Stojanovich knew it would not and could not perform.

45. That at all times defendant Stojanovich intended to cause Chet Mining Co LLC breach said contract.

46. That defendant Stojanovich accepted plaintiff's purchase money, by and through Chet Mining Co LLC, intending on keeping said money without delivering the goods sold to plaintiff.

47. That as a result of Stojanovich's fraud, plaintiff paid defendants the above described purchase money for the Bitcoin Mining Equipment.

48. That defendant Stojanovich, upon information and belief, transferred plaintiff's purchase money out of Chet Mining Co LLC's account onto one controlled by Stojanovich individually, all for his own personal benefit.

49. Stojanovich thereby defrauded the plaintiff with malice aforethought.

50. Upon information and belief, the Federal Bureau of Investigation ("FBI") is currently conducting a criminal investigation into the aforesaid fraudulent transaction described herein.

51. That as a result of the fraud and theft committed by Chet Stojanovich and Chet Mining Co, LLC, defendants are jointly severally and liable to plaintiff for $179,580.00, plus punitive damages in the amount of $250,000.00, plus attorney's fees and interest at the legal rate from and after April 24, 2019.

## AS AND FOR A THIRD CAUSE OF ACTION

52. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

53. That plaintiff owns and is entitled to the exclusive possession and use of the S9 Antminers it purchased from Chet Mining Co LLC.

54. That defendant Stojanovich used Chet Mining Co LLC to convert the aforesaid S9 Antminers.

55. That the purchase price for the Bitcoin Mining Equipment was paid via wire transfers in the amount of $175,000.00 and a Bitcoin transaction in the amount of $42,675.00.

56. That defendants have wrongfully retained plaintiff's funds and the Bitcoin Mining Equipment despite due demand from plaintiff for the return of said funds or fulfillment of the contract.

57. That defendants Stojanovich and Chet Mining Co LLC have committed the tort of conversion and are jointly and severally liable to the plaintiff in the amount of $456,600.00, plus attorney's fees, punitive damages and interest.

### AS AND FOR A FOURTH CAUSE OF ACTION

58. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

59. That pursuant to NY UCC § 2-711 when the seller fails to make the delivery of goods, the buyer is entitled to a refund of the paid purchase price.

60. That plaintiff is also entitled to damages pursuant to NY UCC § 2-713 for the difference in the market price at the time of purchase compared the current market price of the goods.

61. The current fair market value price purchase of the Bitcoin Mining Equipment is $314,640.00.

62. Upon information and belief, it would now cost the plaintiff an additional $135,060.000 to purchase the Bitcoin Mining Equipment.

63. Pursuant to NY UCC § 2-711 and § 2-713 plaintiff is entitled to damages in the amount of $179,580.00, plus the difference in market value between the Bitcoin Mining Equipment' and the purchase price to "cover" the purchase of new Bitcoin Mining Equipment today of $135,060.00.

### AS AND FOR A FIFTH CAUSE OF ACTION

64. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

65. That pursuant to NY UCC § 2-715 plaintiff is entitled to incidental and consequential damages as a result of defendants' breach and failure to deliver the goods as contracted.

### AS AND FOR A SIXTH CAUSE OF ACTION

66. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

67. Upon information and belief, the plaintiff has undertaken reasonable effort to cover the goods defendants failed to deliver and the circumstances indicate that the same will be unavailing.

68. That pursuant to NY UCC § 2-716 plaintiff is entitled to specific performance of the parties' contract.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, in the amount of $456,600.00 plus interest at the legal rate from and after April 24, 2019 for actual and consequential damages, $135,060.00 in cover damages, $250,000.00 in punitive damages, plus incidental damages, cover damages, specific performance, plus attorney's fees, together with the costs and disbursements of this action.

Dated: August 20, 2019
      Troy, New York

                              E. STEWART JONES HACKER MURPHY, LLP

                By: _____
                        John F. Harwick, Esq.
                        SDNY Bar No: JH5253
                        *Attorneys for Plaintiff*
                        28 Second Street
                        Troy, New York 12110
                        Tel. No.: (518) 274-5820